UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DWAYNE PALMER,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-0761-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Dwayne Palmer ("Palmer") (#57698-054). Palmer is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Palmer challenges his conviction and sentence for unlawful possession of a firearm.

Because Palmer cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. **Background**

Palmer was convicted of conspiracy to distribute and possess with intent to distribute marijuana; using a firearm to commit murder in furtherance of the conspiracy; using and carrying a firearm during and in furtherance of the conspiracy; and being an alien in possession of a firearm. *United States v. Brown*, 374 F. App'x 208, 209 (2d Cir. 2010). The conviction was affirmed on appeal. *See id., writ denied, Palmer v. United States*, 131 S. Ct. 313 (2010).

Palmer filed a motion to vacate under § 2255. Counsel was appointed, and the motion was denied. *Palmer v. United States*, 05-CR-538 JSR, 2014 WL 6863492 (S.D.N.Y. Dec. 5, 2014).

Palmer filed requests for authorization to file a second and successive motion to vacate under § 2255 based on the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The United States Court of Appeals for the Second Circuit denied the requests. *Palmer v. United States*, No. 17-0067 (2d Cir. 7/28/17); *Palmer v. United States,* No. 16-3621 (2d Cir. 2/14/17).

Next, Palmer filed a request for authorization to file a second or successive § 2255 motion based on the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See Palmer v. United States*, No. 20-1823 (2d Cir. 7/13/2020). The Second Circuit found that Palmer did not meet the requirements of § 2255(h)(1)-(2). *See id.*

In this § 2241 Petition, Palmer attempts raise the *Rehaif* claim through the savings clause of § 2255(e).

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast,

a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To proceed under the savings clause of § 2255(e), a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*See Reyes–Requena*, 243 F.3d at 904; *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Palmer argues that he may proceed under the savings clause because *Rehaif*, announced a new interpretation of a statute that should apply retroactively to his case. Although the Supreme Court and the Fifth Circuit Court of Appeals have not addressed whether *Rehaif* is retroactively applicable to cases on collateral review, the Eleventh Circuit and numerous district courts—including courts within the Fifth Circuit—have determined that *Rehaif* is not retroactively applicable. *See* In re *Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020) (denying relief under § 2241 because *Rehaif* does not apply retroactively on collateral review); *Williams v. Underwood*, 3:19-CV-2043, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020), *report and recommendation adopted*, 3:19-CV-2043, 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020) (same); *Hunter v. Quintana*, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (same); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019).

Because *Rehaif* is not retroactively applicable to cases on collateral review, Palmer cannot meet the first requirement of the savings clause.

Even if this Court found that *Rehaif* applied retroactively to Palmer's case, his claim would still fail because *Rehaif* would not establish that he was "actually innocent" of the § 922(g) charge.

In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Id.* at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under 18 U.S.C. § 922(g) and § 924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

Palmer claims that the he did not know that he could not possess a firearm. ECF No. 1-2 at 11. However, *Rehaif* requires that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that *Rehaif* requires that a defendant know that he was prohibited from possessing a firearm as a result of that status." *See Walker v. Quintana*, 5:19-CV-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25,

2019) (citing *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019); *see also Gray v. United States*, 3:19-CV-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020) ("While *Rehaif* was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction.")

In his sentencing memorandum, Palmer argued that, if the Court granted his motion for a judgment of acquittal on the other counts, Palmer would "make a statement accepting responsibility for the conduct alleged in Count Six [under § 922(g)]." *United States v. Palmer*, 1:05-CR-0538, ECF No. 109. In fact, "[c]ounsel repeatedly advised the government of Mr. Palmer's willingness to enter a guilty plea to the offense charged in Count Six [under § 922(g)]." *Id.* In his § 2241 Petition, Palmer does not claim that he was unaware of his status. Therefore, even if *Rehaif* was applied retroactively, it would not establish that Palmer was actually innocent of the § 922(g) conviction.

III. Conclusion

Because Palmer cannot meet the requirements of the savings clause of § 2255(e), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Palmer's claim.[1]

---

[1] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 21st day of August 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE